**BLUE DIAMOND COAL SALES COMPANY, Appellant, v. EVATT, Tax Commr., Appellee.**

Board of Tax Appeals.

No. 8452. Decided June 9, 1945.

Weinberger and Grad, Cincinnati, on behalf of the appellant.

Hon. Hugh S. Jenkins, Atty. Genl. of Ohio, Columbus, and Daronne R. Tate, Asst. Atty. Genl., Columbus, on behalf of the appellee.

## ENTRY

This cause came on to be heard upon the appeal of the Blue Diamond Coal Sales Company from a final order of the tax commissioner denying appellant's application for review and redetermination of an increased personal property tax assessment for the year 1943 in the sum of $747.57. This cause was heard and submitted upon the transcript of the proceedings before the tax commissioner, the evidence and brief of counsel for appellant.

In its notice of appeal the appellant claims that the tax commissioner erred in refusing to allow accrued taxes as a part of its accounts payable deductible from its accounts receivable in determining its taxable credits and in allocating to Ohio all of its accounts receivable. In its return appellant listed total accounts receivable in the sum of $1,259,789.28, of which amount the appellant in its balance sheet allocated to Ohio the sum of $129,128.40 and to other states the sum of $1,130,660.88, and included as a deductible item from its accounts receivable the sum of $370,753.08 for accrued taxes.

Appellant now concedes that under §5327 **GC**, taxes cannot be included as accounts payable. The only question remaining therefore is whether the tax commissioner erred in determin-

ing that all of said accounts receivable have a situs in Ohio for taxation purposes.

The evidence shows the following: Appellant is a Delaware corporation and is engaged in selling coal mined by the Blue Diamond Coal Company, its parent corporation, which owns and operates coal mines in Kentucky, Tennessee and Virginia. Appellant operates no coal mines and the parent company does not have any mines in Ohio. Appellant's main office is in Knoxville, Tennessee, and it has a sales and accounting office in Cincinnati where two officers, one of whom is a director, are employed. Other officers and directors are located in Knoxville. Appellant also has sales offices in seven other states. Each office has a manager, office employes and salesmen. Orders for coal are usually approved by the manager of the sales office in whose territory the orders are obtained and such orders are mailed to the Cincinnati office, copies thereof being sent to the mine from which the coal is to be shipped. All accounts are billed from Cincinnati and payments are received and deposited in Cincinnati by the Cincinnati office. Each sales office collects its delinquent accounts and makes adjustments. The account at Cincinnati is withdrawable only by the Knoxville office, except that the manager of the Cincinnati office may draw on such account to pay sight drafts for freight charges on shipments to the Great Lakes and for other emergencies which must be paid immediately. All salaries and other expenses of the Cincinnati office are paid from Knoxville. All of the customers' accounts of the appellant are kept at the Cincinnati office while the general books are kept at Knoxville. Most of the sales made by the Cincinnati office are to customers in Ohio, but the evidence shows that it makes some sales to customers in portions of some of the states bordering on Ohio. The evidence further shows that the appellant in making up its return estimated the amount of accounts receivable arising from sales made to customers in Ohio by taking the portion of such sales to all of its sales wherever made which resulted in a percentage of 10¼, thus arriving at the figure of $129,128.40; whereas the amount of the accounts receivable arising from such sales according to appellant's records actually amount to $63,756.06.

Sec. 5328-1 GC, provides in part as follows:

"Property of the kinds and classes mentioned in §5328-2 GC, used in and arising out of business transacted in this state by, for or on behalf of a non-resident person, other than a foreign insurance company as defined in §5414-8 GC, and non-

withdrawable shares of stock of financial institutions and dealers in intangibles located in this state shall be subject to taxation;"

Under this section the accounts receivable of the appellant, a non-resident, to be taxable in this state must both be used in business and arise out of business transacted in this state. In defining the term "used in business" §5325-1 GC reads in part as follows:

"Moneys, deposits, investments, accounts receivable and prepaid items, and other taxable intangibles shall be considered to be 'used' when they or the avails thereof are being applied, or are intended to be applied in the conduct of the business, whether in this state or elsewhere."

Since the avails of all the accounts receivable were applied or intended to be applied in the conduct of appellant's business both in this state and elsewhere, such accounts receivable are used in business in this state.

Sec. 5328-2 GC provides in part as follows:

"Property of the kinds and classes herein mentioned, when used in business, shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the circumstances following:

"In the case of accounts receivable, when resulting from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein, or from services performed by an officer, agent or employe connected with, sent from, or reporting to any office or at any office located in such other state. * * *

"In the case of accounts payable, the proportion of the entire amount of accounts receivable, wherever arising represented by those arising out of business transacted in such other state ascertained as herein provided shall be taken to represent the proportion of the entire amount of accounts payable arising out of the business transacted in such other state."

Under this section clearly the accounts receivable which result from sales of coal by agents having offices in other states do not arise out of business transacted in this state and are not taxable. The fact that the Cincinnati office, in addition to being a sales office, kept the records of all the appellant's

accounts receivable cannot, in the opinion of this Board, make all such accounts receivable taxable in this state. Consequently, the Board finds that the tax commissioner erred in including all such accounts receivable as taxable property, but further finds that all accounts receivable coming from sales by appellant's agents having an office in Cincinnati not only to customers in Ohio and also to customers in other states are properly allocable to Ohio for the purpose of taxation.

It is, therefore, considered and adjudged that the action of the tax commissioner herein complained of be, and the same hereby is, modified in the above respects, and that the tax commissioner correct his assessment certificate accordingly by excluding from appellant's taxable property the accounts receivable which resulted from sales made by agents having offices outside the state and including therein all accounts receivable arising from sales made by its agents having an office in this state to customers wherever located, and by taking therefrom the amount of accounts payable, due within one year from date of inception, arising out of the business transacted in Ohio to be determined by the proportion of all accounts receivable wherever arising represented by those herein held to be taxable in accordance with the provisions of §5328-2 GC.